IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARITA A. BARNES ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | Case No. 12-CV-282-JED-PJC |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     **Defendant.** ) | |

### OPINION AND ORDER

Before the Court is the Second Motion for Protective Order filed by Defendant. [Dkt. # 57]. Plaintiff disputes the appropriateness of a Protective Order and argues that discovery should be conducted without a protective order in place.[1] For the reasons set forth below, the motion is **GRANTED**. The protective order will be entered separately.

*Background*

The present case arises out of Plaintiff's claims of false arrest, false imprisonment, malicious prosecution, abuse of process, negligence, and intentional infliction of emotional distress, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). [Dkt. # 2]. In the course of conducting discovery, Plaintiff requested information and documents pertaining to law enforcement records, personnel files, internal affairs investigations, grand jury materials, and identification of law enforcement informants, investigators, and witnesses. Defendant has indicated willingness to respond to the discovery requests, but only pursuant to a court-entered Protective Order.

---

[1] Plaintiff has also argued that Defendant's Motion is really a motion to reconsider, after the Court denied Defendant's first motion for a protective order. Although Defendant's previous motion (Dkt. # 43) was denied by this Court (Dkt. # 56), it was not denied because of the merits of the motion. It was strictly denied for failure to comply with LCvR. 37.1, and it was specifically noted that the motion could be re-filed after compliance with the Local Rule. Accordingly, Defendant's Motion should not be characterized as a motion to reconsider.

*Applicable Legal Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain information concerning "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1) provides that upon a showing of good cause, the court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This may include protection of trade secret, or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G). The moving party bears the burden of demonstrating "good cause" and requires a particular and specific demonstration of fact as distinguished from conclusory or stereotyped statements. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *Samson Resources Co. v. J. Aron & Co.*, 2009 WL 1606564, *1 (N.D. Okla. June 8, 1999). However, the "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation and citation omitted). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *WN Petroleum Corp. v. OK-Tex Oil & Gas Inc.*, 998 F.2d 853, 858 (10th Cir. 1993); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (trial courts have broad discretion in deciding when to issue a protective order and in deciding the appropriate degree of protection).

*Discussion*

Plaintiff sets forth various factual assertions and legal arguments in opposition to Defendant's proposed order, much of which is inapplicable to the Motion currently before the Court, including the relevance of Plaintiff's requested discovery, the sufficiency of Defendant's privilege log, and the appropriateness of redacted discovery material. (Dkt # 60, pp. 2-7).

2

Plaintiff does assert that Defendant's Motion should not be trusted because of the nature of the case, alleged police and/or government corruption, and is premised only upon conclusory allegations without a specific factual basis to establish good cause to enter a protective order. (*Id.* at pp. 8-12). Plaintiff also asserts that Defendant does not "deserve" a protective order because it would allow the government to continue "hiding information" that should be available to counsel and to the public. (*Id*. at pp. 5-6).

Pre-trial discovery may produce unrelated or only tangentially related information. *Okla. Hosp. Assn. v. Okla. Pub. Co*., 748 F.2d 1421, 1425 (*citing Seattle Times*, 467 U.S. at 33). The Tenth Circuit has approved the issuance of protective orders, such as the proposed one in this case, to expedite discovery documents, noting that at the discovery stage of litigation, "those documents ha[ve] not been filed with the court and certainly ha[ve] not satisfied threshold tests of relevancy and admissibility. They therefore [a]re not available to the public generally. . ." *Id. See also Burke v. Glanz*, 2013 WL 211096, at *2, *4-5 (N.D. Okla. Jan. 18, 2013) (noting the frequent practice of entering into "blanket" or "umbrella" protective orders and observing the distinction between materials produced in discovery and admissible materials) (citations omitted). Despite Plaintiff's insistence, the public has no right to access discovery material, which is what the proposed protective order seeks to protect.

To establish good cause under Rule 26(c)(1)(H), Defendant must demonstrate that the information sought constitutes a trade secret, or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs*., 665 F.2d 323, 325 (10th Cir. 1981). The United States Supreme Court has recognized it may also be appropriate to protect a party's reputation and privacy from potential abuses of discovery. *Seattle Times*, 467 U.S.at 34-35 ("There is an

3

opportunity, therefore, for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy."). As noted above, public dissemination of *discovery* material is distinguishable from the general presumption of public access to *trial* and court records. Many of Plaintiff's discovery requests are protected by a law-enforcement investigative privilege. *U.S. v. Winner*, 641 F.2d 825, 831 (10 Cir. 1971) (noting the potential harm to law enforcement from public disclosure of certain types of information); 5 U.S.C. § 552(b)(7)(C)-(D) (concerning public disclosure of law enforcement investigatory records). The Court finds that Defendant has met its burden of demonstrating good cause for the issuance of a protective order.

The Court's ruling today is consistent with its previous rulings concerning similar issues. For example, in *Burke*, the plaintiff had argued that due to the government's alleged negligence, the public should have a right to access discovery material. 2013 WL 211096. In denying Plaintiff's motion to provide discovery material to the public, the Court noted that it was not denying public access to information concerning the factual and legal issues of the case; it was only limiting public access to *discovery* material at *this* stage of the litigation. *Id*. at *4-5.

For these reasons, Defendant's Motion for Protective Order is GRANTED. The protective order will be entered separately.

**IT IS SO ORDERED** THIS 22ND DAY OF AUGUST, 2013.

_____
Paul J. Cleary
United States Magistrate Judge